# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No.: 6:15-cv-00060 |
| | § | |
| GREAT WEST CASUALTY COMPANY; | § | |
| *Defendant.* | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO GREAT WEST'S MOTION FOR ORAL HEARING ON GREAT WEST'S AMENDED MOTION TO TRANSFER VENUE**

Plaintiff, Intellectual Ventures II LLC respectfully submits this Sur-reply in Opposition to Defendant's Motion for Oral Hearing on Great West's Amended Motion to Transfer Venue. Plaintiff respectfully submits that oral argument is not necessary because the parties have fully briefed the issues before the Court, and Defendant has failed to justify its contention that the underlying record is not adequate to address the relevant issues.

## I. ARGUMENT

The Court should deny the Defendant's motion for an oral hearing. There is nothing unique about the Defendant's motion to transfer that warrants holding a hearing. Defendant bases its request for a hearing on two premises: (1) the alleged unique nature of the arguments that the parties have advanced in the motion to transfer briefing; and (2) arguments and issues that Plaintiff raised in its sur-reply to Defendant's motion to transfer. Defendant fails to adequately explain or support either argument.

### A. The Issues Before the Court are not New, Novel, or Unique to the Court

Defendant's Reply brief reiterates the same arguments that it previously briefed, now describing those arguments as "unusual circumstances." Def. Reply. Br., p. 1-3. But the issues and facts that the Defendant identifies—such as the state of incorporation of each party and the location of proof and witnesses—are always considered by this Court (and all courts) in deciding motions to transfer. Likewise, given the extensive history this Court has with patent cases, consideration of a party's litigation history is not a unique factor. Even if these are "unusual circumstances," they have been fully briefed by the parties and do not require oral argument to further flesh out. Indeed, in highlighting these specific points in its Reply brief, Defendant cites to the underlying transfer briefing—that Defendants now essentially claim is not sufficient—in

support of their motion for oral argument. *See* Def. Reply. Br. (Dkt. No. 46), fns 2–11.[1] Despite citing to the underlying briefing, Defendant does not explain why these arguments are unique, what questions remain, why the briefing is insufficient or possibly confusing, or any other basis that suggests oral argument is necessary to determine their motions to transfer.

Contrary to Defendant's assertion, Plaintiff does not argue that the record is complex and therefore supportive of Defendant's request for oral argument. Rather, Plaintiff simply contends that the record is fully developed and that each party has had ample opportunity to support their respective positions. Despite ample opportunity to do so, Defendant has failed to identify the unique nature of the parties' activities, how the issues underlying Defendant's motions to transfer are new or unique to the Court, or how the record before the Court is insufficient.[2]

Plaintiff's reference to Local Rule 7(g) highlights that Defendant could have requested an oral hearing in their prior motion to transfer briefing at any time, but chose not to; not that Defendant's request was untimely under the rules. If the arguments presented to the Court were so new, novel, or unique such that a hearing might be useful, Defendant could have incorporated such a request in its original motion to transfer (Dkt. No. 13), amended motion to transfer (Dkt. No. 33) or in their reply to the amended motion to transfer (Dkt. No. 40). But Defendant declined to make that request. If the purported need for oral argument was not evident to Defendant until the filing of Plaintiff's sur-reply, Defendant should have highlighted in their instant motion the specific arguments or questions that Plaintiff raised in the sur-reply that they

---

[1] Footnotes 7, 9, and 11 refer to IV's website and footnote 8 to a separate cased filed in Pennsylvania, but the information cited to has previously been addressed by the parties in prior briefing. For example, Defendant previously submitted a listing of other lawsuits in which IV was a party. *See* Def. Reply. Br. In Support of Mot. To Transfer, Exhibit 1 (Dkt. No. 40-2). The website referenced in footnote 11 was also previously submitted to the Court. *See* Dkt. No. 33-22.

[2] In addition to submitting ample briefing, the parties have had the opportunity to depose the individuals submitting declarations on behalf of Defendant. Therefore, the parties have been afforded the opportunity to fully explore the truthfulness of the allegations in the various declarations.

contend requires oral argument. *See infra* Sec. I.B. Defendant did not do so, and Plaintiff respectfully submits that Defendant did not previously make their request because the parties' arguments are not new, novel, or unique.

### B. Plaintiff's Sur-reply Does Not Necessitate Oral Argument

Defendant's other basis for oral argument was that arguments and questions raised in Plaintiff's sur-reply to the motion to transfer warrant a hearing. However, despite two opportunities to do, Defendant has not identified the specific arguments or questions that the Plaintiff raised that warrant holding a hearing. Plaintiff's Response brief to the instant motion pointed out Defendant's failure to identify any specific arguments or questions raised in Plaintiff's sur-reply or otherwise provide any additional explanation. Defendant's Reply brief remained silent on this issue. Plaintiff respectfully submits that Defendant's continued silence, despite multiple opportunities to provide guidance to the Court, does not support Defendant's request, and the Court should deny Defendant's motion for oral argument.

## II. CONCLUSION

With two opportunities to do so, Defendant has failed to explain the purportedly unique nature of the parties' activities, how the issues underlying Defendant's motion to transfer are new or unique to the Court, how the record before the Court is insufficient, or what issues raised in Plaintiff's sur-reply necessitate oral argument. Plaintiff does not seek to avoid an oral hearing as Defendant argues, but rather suggests such a hearing is not necessary in light of the ample record before the Court. There is no reason to invest the Court's resources in a hearing at which the parties will simply recite the same arguments and facts laid out in the now-nine submissions on the transfer issue. Plaintiff respectfully requests that the Court deny Defendant's motion for oral argument.

DATED: July 8, 2015

Respectfully submitted,



_____
**DEREK GILLILAND**
**ATTORNEY-IN-CHARGE**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-5389

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON& ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas 75503
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

**EDWARD CHIN**
TEXAS STATE BAR NO. 50511688
edchin@me.com
**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**CHRISTIAN HURT**
TEXAS STATE BAR NO. 24059987
christianhurt@nixlawfirm.com
**ROSS LEONOUDAKIS**
TEXAS STATE BAR NO. 24087915
rossl@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Ste. 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

**COUNSEL FOR PLAINTIFF
INTELLECTUAL VENTURES II LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 8th day of July, 2015.

Respectfully submitted,

*/Derek Gilliland/*

**DEREK GILLILAND,
ATTORNEY-IN-CHARGE**